Hartley T. Bernstein, Esq.
BERNSTEIN CHERNEY LLP
955 Park Avenue, Fifth Floor
New York, N.Y. 10028
(212) 381-9684 – Phone
(646) 304-9535 – Fax
hbernstein@bernsteincherney.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ERMIN BEKTASEVIC and ALMA
BEKTASEVIC

             Plaintiffs                           Case # -

      -against –

EAST END ASSOCIATES, INC,
73-75 EAST 3rd PARTNERS, LLC,
ABC MANAGEMENT, GIOVANNI
R. GALLIZIO, WILLIAM
D. HARRA, ABC REALTY

            Defendants
_____

## **COMPLAINT**

      Plaintiffs Ermin Bektasevic ("Ermin") and Alma Bektasevic ("Alma"), by their

attorneys, Bernstein Cherney LLP, for his Complaint against Defendants East End Associates, Inc.

("EEA"), 73-75 East 3rd Partners, LLC ("Partners"), ABC Management ("Management"), and

ABC Realty ("Realty")  [Partners, EEA, Management and Realty are sometimes referred to

collectively as the "Corporate Defendants"], Giovanni R. Gallizio ("Gallizio") and William D.

Harra ("Harra") ("Gallizio and Harra are sometimes referred to collectively as the "Individual Defendants], collectively "Defendants," alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action to recover damages for unpaid wages, unpaid overtime wages, unpaid promised wages, breach of contract, liquidated damages and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA"), and the various regulations and policy statements promulgated by the U.S. Department of Labor and codified in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq.; the New York Labor Law, including, but not limited to, Articles 6 and 19 ("New York Labor Law" or "NYLL"), and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-146; and the common law of the State of New York.

2.      Plaintiffs also bring this action for Defendants' failure to comply with the New York Labor Law ("NYLL") §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide annual wage notices during the period of employment of an employee which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiffs seek statutory weekly damages of either $25.00 or $50.00 as the case may be, up to a maximum of $2,500.00 or $5,000.00.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is

conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in this District because Defendants conduct business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.     Upon information and belief, Defendant 73-75 East 3rd Partners, LLC , is a limited liability company formed pursuant to the laws of the State of New York and maintaining a place of business at 8050 Cornish Avenue, Elmhurst, N.Y.

6.     Upon information and belief, Defendant East End Associates, Inc. is a New York corporation maintaining a place of business at 152 West 57th Street, New York, N.Y.

7.     Upon information and belief Defendant ABC Realty is an unincorporated business maintaining a place of business at 152 West 57th Street, New York. N.Y.

8     Upon information and belief Defendant ABC Management is an unincorporated business maintaining a place of business at 152 West 57th Street, New York. N.Y.

9.     Upon information and belief, Defendant Giovanni R. Gallizio maintains an office at 230 Park Avenue, Suite 2401, New York, N.Y.

10.     Upon information and belief, Defendant William P. Harra maintains an office at 152 West 57th Street, New York, N.Y.

11.     Upon information and belief, at all relevant times Gallizio was a principal and controlling person of EEA.

-3-

13.   Upon information and belief, at all relevant times Gallizio was a principal and controlling person of Partners.

14.   Upon information and belief, at all relevant times Gallizio was a principal and controlling person of Realty.

15.   Upon information and belief, at all relevant times Gallizio was a principal and controlling person of Management.

16.   Upon information and belief, at all relevant times Harra was a principal and controlling person of EEA.

17.   Upon information and belief, at all relevant times Harra was a principal and controlling person of Partners.

18.   Upon information and belief, at all relevant times Harra was a principal and controlling person of Management.

19.   Upon information and belief, at all relevant times Harra was a principal and controlling person of Realty.

20.   Upon information and belief, at relevant times, Partners was the owner of the building located at 73 and 75 East 3rd Street, New York, N.Y., a residential apartment building having 46 units (the "Building").

21.   Upon information and belief, at relevant times, EEA was the owner of the Building.

22.   Upon information and belief,  at all relevant times, Management and/or Realty have been the managing agents for the Building.

23.   Upon information and belief, Realty is a real estate management firm specializing in the management of residential properties in the New York Metropolitan area.

24.     Upon information and belief, Gallizio is the manager and/or member and/or owner of Corporate Defendants, one of the ten largest shareholder/members of Corporate Defendants, and is individually responsible for unpaid wages under the New York Limited Liability Company Law.

25.     Upon information and belief, Hanna is the manager and/or member and/or owner of Corporate Defendants, one of the ten largest shareholder/members of Corporate Defendants, and is individually responsible for unpaid wages under the New York Limited Liability Company Law.

26.     At all relevant times, Plaintiff Ermin Bektasevic was employed by Partners and/or EEA and/or Management and/or Realty as a superintendent of the Building.

27.     At relevant times set forth below, Plaintiff Alma Bektasevic was employed by Partners and/or EEA and/or Management and/or Realty as a superintendent of the Building

28.     The Individual Defendants each are responsible for all personnel decisions made by the Corporate Defendants, including the setting and payment of salaries and other compensation.

29.     The Individual Defendants established policies for the Corporate Defendants, including employee pay policies.

30.     At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and in the production of goods for commerce within the meaning of the FLSA and have engaged in an enterprise whose annual volume of sales made or business done is not less than $500,000.00.

31.     At all relevant times, Defendants have engaged in transactions involving interstate commerce, including foreign banking transactions and Defendants' employees, including Plaintiff, have, and continue to, handle goods and materials that have been manufactured or produced outside of New York (including tools, cleaning materials, maintenance equipment and other items) that have moved in interstate commerce.

## **FACTUAL BACKGROUND**

32.     Plaintiffs Ermin and Alma are husband and wife.

33.     Plaintiff Ermin was employed as superintendent of the Building continuously from approximately December 2012 through approximately August 2019, at which time Plaintiff Alma, assumed those functions with the knowledge and consent of Defendants and succeeded him in that capacity until  April 12, 2021.

34.     During their employment by Defendants, Plaintiffs have been on call 24 hours a day, 7 days a week, 365 days a year.

35.     As superintendents Plaintiffs regularly worked over forty hours per week but were not compensated for the hours they worked in excess of forty hours per week, nor were they compensated at the overtime premium rate for all of the hours worked in excess of 40 per week.

36.     As superintendents, Plaintiffs' regular job duties included cleaning and maintaining the Building, collecting and disposing of trash, maintaining the boiler, responding to tenants' calls and complaints, and providing routine repair work ("Regular Work").  Plaintiffs were also expected to be available twenty-four (24) hours a day ("On Call") to attend tenants' emergencies whenever such events arose, including on nights and weekends.

37.     During the time they worked as superintendents for the Building, each Plaintiff regularly worked from 7:00 am until 5:00 pm, with a thirty minute lunch break and during additional hours, as needed, 7 days a week.

38.     On average, as superintendents at the Building, Plaintiffs regularly worked in excess of 80 hours per week.

39.     In addition to performing Regular Work, at the request of Defendants, after Ermin concluded his regular daily shifts, he provided non-routine renovation and repair services on apartments at the Building, including painting, plastering, plumbing, repairs and non-routine renovations before apartments could be rented to new tenants. (the "Projects").

40.     With the knowledge and agreement of Defendants, Alma also performed services for the Projects, both before assuming the role of superintendent and thereafter, after concluding her daily services as superintendent.

41.     Plaintiffs routinely paid out-of-pocket for services and supplies needed in connection with the Renovations and for routine tasks as superintendent (the "Out-of-Pocket Expenses").

42.     Defendants agreed to pay Plaintiffs for each Project they completed.

43.     Defendants agreed to reimburse Plaintiffs for all Out-of-Pocket Expenses incurred by Plaintiffs.

44.     After the COVID-19 pandemic began in March 2020, Defendants failed and refused to pay Plaintiffs for the Projects.

45.     Since the COVID-19 pandemic began, Defendants have failed and refused to reimburse Plaintiffs for the Out-of-Pocket Expenses.

46.     Defendants have failed and refused to pay Plaintiffs more than $100,000.00, owed to Plaintiffs for the Renovations and Out-of-Pocket Expenses.

47.     During his employment as superintendent at the Building, Ermin received a salary of $900.00 per week.

48.     During her employment as superintendent at the Building, Alma received a salary of $900 per week.

49.     During the time they were employed at the Building, Plaintiffs and their daughters occupied an apartment at the Building.

50.     On or about April 12, 2021, Plaintiffs' employment was terminated without cause or explanation.

51.     Shortly after terminating Plaintiffs' employment, Partners initiated proceedings to evict Plaintiffs and their family from the Building.

52.     In or about June 2022, ownership of the Building was transferred from Partners to EEA.

53.     Upon information and belief, the Individual Defendants have engaged in a pattern of consciously avoiding the wage and overtime payment obligations mandated by the FLSA and NYSLL.

54.     Defendants knowingly and purposely evaded the requirements imposed by the FLSA and NYSLL for the payment of wages based upon a thirty-five (35) hour work week, even though Defendants were aware that Plaintiff worked significantly more hours each week.

55.     During the time they were employed at the Building, Plaintiffs were not provided with any vacation days or sick days and did not receive any compensation in lieu of vacation and sick days.

56.     Despite working well over forty hours per week throughout their employment with Defendants, Plaintiffs were not paid for the hours worked in excess of forty hours per week, nor were they paid at the proper premium rate for work in excess of forty hours per week.

57.     Defendants' failure and refusal to pay wages and overtime premiums to Plaintiffs for hours worked in excess of forty hours per week has been willful.

58.     During the period of Plaintiff Ermin's employment, Defendants failed to pay Ermin salary for hours worked in excess of forty (40) hours per week.

59.     During the period of Plaintiff Alma's employment, and, in particular from August 2019 through April 2021, Defendants failed to pay Alma salary for hours worked in excess of forty (40) hours per week.

60.     During the period of Plaintiff Ermin's employment, Defendants failed to pay Plaintiff Ermin any overtime premium for hours worked in excess of forty hours a week.

61.     During the period of Plaintiff Alma's employment, and, in particular, from August 2019 through April 2021, Defendants failed to pay Plaintiff Alma any overtime premium for hours worked in excess of forty hours a week. Alma received no pay for her work in April 2021.

62.     In accordance with the New York Labor Law §195.1, since January, 2011, Defendants have been required, on an annual basis, to present for signature to each employee a wage notice, which had to contain the following wage rate information: (i) the basis of the

employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number (the "Wage Notice").

63.     During their entire employment with Defendants, Plaintiffs never received and never signed the Wage Notice or any document which might show the information required by NYLL §195.1.

64.     Defendants were aware or should have been aware that this practice was in violation of NYLL but continued to willfully engage in this unlawful practice.

65.     At all relevant times herein, the Corporate Defendants were and are controlled by the Individual Defendants.

66.     At all relevant times herein, the Individual Defendants acted for and on behalf of the Corporate Defendants, with the power and authority vested in them, as owners, members officers, agents, and employees of the Corporate Defendants, and acted in the course and scope of their duty and function as owners, agents, employees, and officers of the Corporate Defendants.

67.     At all relevant times herein, the Individual Defendants directly and/or through their agents, managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and policies of Corporate Defendants and all payments to Plaintiffs.

68.     The Individual Defendants had control over the conditions of Plaintiffs' employment, including hiring and firing,  work schedules, the rates and methods of payment of wages, and the maintenance of his employment records.

69.     At all relevant times herein, the Individual Defendants had operational control over the Corporate Defendants.

70.     As a matter of economic reality, Defendants are joint employers of Plaintiffs; and, as a result, Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

**FIRST CLAIM FOR RELIEF**
**(FLSA Violations against all Defendants)**

71.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 70 as if fully set forth herein.

72.     Plaintiffs were persons covered by, and intended to benefit from, the provisions of the FLSA with respect to their work for Defendants.

73.     Pursuant to the FLSA, Plaintiffs were and are entitled to certain overtime wages, and regular wages, which Defendants intentionally and willfully failed to pay in violation of such law.

74.     During their employment, Plaintiffs regularly worked in excess of forty (40) hours per week for Defendants and were On Call twenty-four (24) hours a day, but never received any form of additional compensation for extra hours, either at the regular rate or at the overtime premium rate of one-and-a-half times the regular rate.

75.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines

and rules of knowingly and willfully failing and refusing to pay Plaintiffs at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep accurate required records, in violation of the FLSA.

76.     Plaintiffs seek damages in the amount of their unpaid compensation, liquidated damages as provided by the FLSA, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper

**SECOND CLAIM FOR RELIEF**
**(NYLL Violations against all Defendants)**

77.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 76 as if fully set forth herein.

78.     At all relevant times, Plaintiffs have been persons covered by, and intended to benefit from, the provisions of the NYLL with respect to their work for Defendants.

79.     Pursuant to NYLL, Plaintiffs were entitled to certain overtime wages, and regular wages, all of which Defendants intentionally and willfully failed to pay in violation of such law.

80.     Plaintiffs regularly worked in excess of forty (40) hours per week for Defendants, but never received any form of additional compensation for his extra hours, either at the regular rate or at the overtime premium rate of one-and-a-half times his regular rate.

81.     Accordingly, Plaintiffs seek a judgment for unpaid regular wages, and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs, along with an award of liquidated damages, interest, reasonable attorneys' fees and costs, as provided for by the NYLL.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract against Defendants)

82.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 81 as if fully set forth herein.

83.    Plaintiffs entered into an agreement with Defendants to perform the Projects in exchange for payment for each Project performed.

84.    Plaintiffs satisfactorily performed each Project and complied with the terms of their agreement with Defendants and were therefore entitled to payments rightfully earned for these services.

85.    Defendants failed or refused to pay Plaintiffs for each completed Project in full and in accordance with their contract with Plaintiffs.

86.    Pursuant to their agreement with Plaintiffs, Defendants agreed to reimburse Plaintiffs for all Out-of-Pocket Expenses incurred by Plaintiffs in conjunction with their Regular Work and the Projects.

87.    In accordance with their agreement with Defendants, Plaintiffs incurred the Out-of-Pocket Expenses in conjunction with their Regular Work and the Projects.

88.    Defendants failed to reimburse Plaintiffs in full for the Out-of-Pocket Expenses despite their contractual obligation to do so.

89.    Defendants' failure or refusal to pay Plaintiffs the payments to which they were entitled for the Projects and Out-of-Pocket Expenses under the parties' agreement constituted a breach of contract.

90.     During their employment by Defendants, Plaintiffs performed their obligations as superintendents and fulfilled all conditions of their employment.

91.     Defendants agreed to pay Plaintiffs an hourly wage for each hour worked and an overtime premium for each hour worked in excess of forty (40) hours per week in accordance with all prevailing federal and state wage laws.

92.     Defendants failed to pay Plaintiffs at that hourly rate for each of the hours worked.

93.     Defendants failed to pay Plaintiffs any overtime premium to which they were entitled during the term of their employment.

94.     By virtue of the foregoing breaches of contract by Defendants, Plaintiffs have been damaged in an amount to be proven at trial, for the unpaid amounts of (i) their services as superintendent; (ii) work on the Projects; and (iii) Out of Pocket Expenses, together with an award of interest, costs, disbursements, and attorneys' fees.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(Violation of New York Labor Law §195.1 against all Defendants)**

95.     Plaintiffs repeat and reallege each and every allegation previously made in paragraphs 1 through 94 as if fully set forth herein.

96.     Pursuant to New York Labor Law §195.1, employees employed by Defendants must receive for signature, on an annual basis, a Wage Notice setting forth (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum

-14-

wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

97.     Plaintiffs never received and never signed the Wage Notice and never received any other documents which might show the information required by NYLL §195.1.

98.     Defendants were aware or should have been aware that this practice was in violation of NYLL but continued to willfully engage in this unlawful practice.

99.     As a result of Defendants' violation of NYLL §195.1, Plaintiffs are entitled to statutory damages of $25 or $50 per week, up to $2,500 or $5,000, as provided for by NYLL §195.1.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable in this action.

WHEREFORE, Plaintiffs respectfully requests judgment against Defendants as follows:

    a.   An award of unpaid wages at the overtime wage rate due under the FLSA.

    b.   An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to the FLSA.

    c.   An award of unpaid wages at the overtime wage rate due under the NYLL.

    d.   An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate,  failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL.

    e.   Prejudgment and post-judgment interest.

f.   Compensatory damages to be determined at trial for Defendants' breach of contract.

g.   Statutory damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1.

h.   An award of costs and expenses, including reasonable attorneys' fees.

i.   Together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        October 24, 2022

<u>Hartley T. Bernstein, Esq.</u>
Hartley T. Bernstein, Esq.
BERNSTEIN CHERNEY LLP
955 Park Avenue, Fifth Floor
New York, N.Y. 10028
(2120 381-9684 – Phone
(646) 304-9535 -Facsimile
hbernstein@bernsteincherney.com

*Attorneys for Plaintiffs*